## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| 360 WRAPS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| GEORGE DORAN | § | |
| d/b/a WRAP IT 360, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, 360 WRAPS, INC., complains of Defendant, George Doran d/b/a WRAP It 360, as follows:

## PARTIES

1.      Plaintiff 360 WRAPS, INC. ("360 Wraps" or "Plaintiff") is a Texas for-profit corporation with its principal place of business at 2221 Manana Drive, Suite 120, Dallas, Texas 75220.

2.      Upon information and belief, Defendant George Doran d/b/a WRAP It 360 (hereinafter "WRAP It 360" or "Defendant") is an individual resident of New Jersey who operates WRAP It 360 as a "d/b/a" business.  Upon information and belief, WRAP It 360's principal place of business is located at 7300 North Crescent Blvd. Unit 1C, Pennsauken, New Jersey 08110.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction because this action arises under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051-1141 (the "Lanham Act"), and jurisdiction is proper in accordance with 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a) and (b).  Jurisdiction for the Texas

**PLAINTIFF'S ORIGINAL COMPLAINT – Page 1**

statutory and common law claims is proper in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.  Specifically, 360 Wraps is located in Texas and 360 Wraps has developed a recognized trademark in Texas. WRAP It 360 advertises itself in Texas through its website.


**FACTS**

**360 Wraps and its Use of the 360 Wraps Name and Marks**

5.      360 Wraps is engaged in the business of, among other things, preparing custom advertisements for others in the nature of vinyl vehicle coverings throughout the United States ("360 Wraps Good and Services").

6.      Since 2007 and long before WRAP It 360's acts complained of herein, 360 Wraps has used its 360 Wraps name and marks (the "360 Wraps Name and Marks") in Texas and throughout the United States in connection with the 360 Wraps Goods and Services.

7.      Since 2007 and long before WRAP It 360's acts complained of herein, the 360 Wraps Name and Marks has been known among the general consuming public in Texas and throughout the United States in connection with the 360 Wraps Goods and Services.

8.      360 Wraps owns a federal registration issued by the United States Patent and Trademark Office ( the "USPTO") and two pending federal trademark applications before the USPTO for its 360 Wraps marks (collectively, the "360 Wraps Marks"):

| MARK | REG. NO./ SERIAL NO. | REG. DATE/ APPLICATION DATE | GOODS/SERVICES |
|---|---|---|---|
|  | 3,834,757 | 08/17/2010 | Preparation of custom advertisements for others in the nature of vinyl vehicle coverings |
| 360 Wraps | 86,746,420 | 09/03/2015 | Preparation of custom advertisements for others which are designed to be displayed on custom vinyl vehicle coverings; Custom manufacture of vinyl vehicle coverings that feature advertisements |
|  | 86,826,103 | 11/19/2015 | Preparation of custom advertisements for others which are designed to be displayed on custom vinyl vehicle coverings; Custom manufacture of vinyl vehicle coverings that feature advertisements |

9.      360 Wraps has sold significant 360 Wraps Goods and Services in Texas, New Jersey, and throughout the United States under the 360 Wraps Name and Marks.

10.     360 Wraps has spent significant money promoting and advertising the 360 Wraps Goods and Services under the 360 Wraps Name and Marks.

**WRAP It 360's Unauthorized Use of the 360 Wraps Name and Marks**

11.     On information and belief, WRAP It 360 is engaged in the preparation of custom advertisements for others in the nature of vinyl vehicle coverings.

12.     In August, 2015, 360 Wraps became aware of the existence of WRAP It 360 and its unauthorized use of the 360 Wraps Name and Marks.  Thereafter, 360 Wraps sent a letter to WRAP It 360, which letter *inter alia*: (a) notified WRAP It 360 of the 360 Wraps Marks, (b) notified WRAP It 360 that its use of the term "WRAP It 360" infringed upon the 360 Wraps Name and Marks, and (c) demanded that WRAP It 360 cease and desist from infringing on the 360 Wraps Name and Marks.  Despite this correspondence, WRAP It 360 continues to infringe on the 360 Wraps Name and Marks, which infringement is being conducted willfully, intentionally, and in reckless disregard for 360 Wraps' registered trademark.

13.     On information and belief, WRAP It 360's customers have confused 360 Wraps for WRAP It 360 and vice versa.

14.     On information and belief, WRAP It 360's customers have conducted searches using the internet search engines trying to locate information about 360 Wraps which has cause confusion between 360 Wraps and WRAP It 360.

15.     On information and belief, WRAP It 360's acts have been with the intent to tread on the goodwill of the 360 Wraps Name and Marks.

16.     On information and belief, WRAP It 360's acts have been with the intent to misdirect customers and potential customers to WRAP It 360 to the detriment of 360 Wraps.

**COUNT I**
**TRADEMARK INFRINGEMENT**
**IN VIOLATION OF SECTION 32 OF THE LANHAM ACT, 15 U.S.C. § 1114**

17.     360 Wraps re-alleges paragraphs 1 through 16, as if fully alleged herein.

18.     WRAP It 360's aforesaid use of the 360 Wraps Name and Marks has caused, and is likely to continue to cause, confusion, mistake or deception with 360 Wraps or the goods and services sold under the 360 Wraps Name and Marks, or to result in the mistaken belief by consumers that WRAP It 360 is connected with, sponsored by or approved by 360 Wraps.

19.     WRAP It 360's aforesaid use of the 360 Wraps Name and Marks constitutes infringement of 360 Wraps' rights in the 360 Wraps Marks, and is in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

20.     WRAP It 360's acts greatly and irreparably damage 360 Wraps and will continue to so damage 360 Wraps unless permanently restrained by this Court; wherefore, 360 Wraps is without an adequate remedy at law.  In addition, 360 Wraps has suffered monetary damages, and is entitled to recover those damages, including any and all profits WRAP It 360 has made as a result of their wrongful conduct.  Alternatively, 360 Wraps is entitled to statutory damages under 15 U.S.C. § 1117(c).  Further, because of WRAP It 360's infringement, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. § 1117(b).

21.     360 Wraps is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order compelling the impounding of all infringing materials advertised, marketed, installed, applied, offered, sold and/or distributed by WRAP It 360 pursuant to 15 U.S.C. § 1116,

subsections (a) and (d)(1)(A). 360 Wraps has no adequate remedy at law for WRAP It 360's wrongful conduct because, among other things, (a) 360 Wraps' trademark is unique and a valuable property which have no readily determinable market value, (b) WRAP It 360's infringement constitutes harm to 360 Wraps such that 360 Wraps could not be made whole by any monetary award, (c) if WRAP It 360's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the infringing materials, and (d) WRAP It 360's wrongful conduct, and the resulting damage to 360 Wraps, is continuing.

## COUNT II
## UNFAIR COMPETITION IN VIOLATION OF
## SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

22.     360 Wraps re-alleges paragraphs 1 through 21, as if fully alleged herein.

23.     WRAP It 360's aforesaid use of the 360 Wraps Name and Marks falsely represents that WRAP It 360 is affiliated, connected or associated with, or sponsored or approved by 360 Wraps in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

24.     WRAP It 360's acts greatly and irreparably damage and will continue to so damage 360 Wraps unless permanently restrained by this Court; wherefore, 360 Wraps is without an adequate remedy at law.

## COUNT III
## DILUTION IN VIOLATION OF
## SECTION 43(c) OF THE LANHAM ACT, 15 U.S.C. § 1125(c)

25.     360 Wraps re-alleges paragraphs 1 through 24, as if fully alleged herein.

26.     The 360 Wraps Marks are widely recognized among the general consuming public of the United States as a designation of source of 360 Wraps Goods and Services, and achieved that widespread recognition prior to the acts of WRAP It 360 complained of herein.

---

**PLAINTIFF'S ORIGINAL COMPLAINT – Page 6**

27.     WRAP It 360's acts are likely to injure 360 Wraps' valuable business reputation and goodwill and are likely to dilute the distinctiveness of the widely recognized 360 Wraps Marks.

28.     On information and belief, WRAP It 360's acts of dilution and tarnishment were intentional and willful.

29.     WRAP It 360's acts constitute dilution and tarnishment of 360 Wraps' widely recognized 360 Wraps Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

30.     WRAP It 360's acts greatly and irreparably damage 360 Wraps and will continue to so damage 360 Wraps unless permanently restrained by this Court; wherefore, 360 Wraps is without an adequate remedy at law.

**COUNT IV**
**DILUTION IN VIOLATION OF**
**TEXAS BUSINESS AND COMMERCE CODE SECTION 16.103**

31.     360 Wraps re-alleges paragraphs 1 through 30, as if fully alleged herein.

32.     The 360 Wraps Marks are widely recognized and distinctive among the public throughout the State of Texas as a designation of source of 360 Wraps Goods and Services, and achieved that widespread recognition prior to the acts of WRAP It 360 complained of herein.

33.     WRAP It 360's acts will injure 360 Wraps' valuable business reputation and goodwill and will dilute the distinctiveness of the widely recognized 360 Wraps Marks.

34.     On information and belief, WRAP It 360's acts of dilution and tarnishment were intentional and willful.

35.     WRAP It 360's acts constitute dilution and tarnishment of 360 Wraps' recognized 360 Wraps Marks in violation of Texas Business and Commerce Code Section 16.103.

36.     WRAP It 360's acts greatly and irreparably damage 360 Wraps and will continue to so damage 360 Wraps unless permanently restrained by this Court; wherefore, 360 Wraps is without an adequate remedy at law.

## COUNT V
## MISAPPROPRIATION IN VIOLATION OF TEXAS COMMON LAW

37.     360 Wraps re-alleges paragraphs 1 through 36, as if fully alleged herein.

38.     360 Wraps has devoted considerable time, labor, and money creating the value of the 360 Wraps Name and Marks.

39.     On information and belief, WRAP It 360's use of the 360 Wraps Name and Marks is in competition with 360 Wraps' own use.

40.     On information and belief, WRAP It 360's has benefited from the use of the 360 Wraps Name and Marks insofar as it bore little or no burden or expense in developing its own valuable marks.

41.     WRAP It 360's acts constitute trade name misappropriation of 360 Wraps' recognized 360 Wraps Name and Marks in violation of Texas common law,  including unfair competition pursuant to the common law of the State of Texas.

42.     WRAP It 360's acts have caused commercial damage to 360 Wraps and will continue to so damage 360 Wraps unless permanently restrained by this Court; wherefore, 360 Wraps is without an adequate remedy at law.

## COUNT VI
## SIMULATION IN VIOLATION OF TEXAS COMMON LAW

43.     360 Wraps re-alleges paragraphs 1 through 42, as if fully alleged herein.

44.     On information and belief, WRAP It 360's use of the 360 Wraps Name and Marks is in competition with 360 Wraps' own use.

45.     WRAP It 360's actions have been in such a manner as is calculated to deceive the public and cause the public to do business with WRAP It 360's when they have intended to and would otherwise have traded with 360 Wraps.

46.     WRAP It 360's acts constitute simulation of 360 Wraps' recognized 360 Wraps Name and Marks in violation of Texas common law, including unfair competition pursuant to the common law of the State of Texas.

47.     WRAP It 360's acts greatly and irreparably damage 360 Wraps and will continue to so damage 360 Wraps unless permanently restrained by this Court; wherefore, 360 Wraps is without an adequate remedy at law.

**COUNT VII**
**USE OF A SIMILAR TRADE NAME IN VIOLATION OF TEXAS COMMON LAW**

48.     360 Wraps re-alleges paragraphs 1 through 47, as if fully alleged herein.

49.     WRAP It 360's aforesaid use of the 360 Wraps Name and Marks is likely to cause confusion, mistake or deception with 360 Wraps or the goods and services sold under the 360 Wraps Name and Marks, or to result in the mistaken belief by consumers that WRAP It 360 is connected with, sponsored by or approved by 360 Wraps.

50.     WRAP It 360's acts constitute use of a similar trade name in violation of Texas common law.

51.     WRAP It 360's acts greatly and irreparably damage 360 Wraps and will continue to so damage 360 Wraps unless permanently restrained by this Court; wherefore, 360 Wraps is without an adequate remedy at law.

**COUNT VIII**
**UNJUST ENRICHMENT IN VIOLATION OF TEXAS COMMON LAW**

52.     360 Wraps re-alleges paragraphs 1 through 51, as if fully alleged herein.

---

**PLAINTIFF'S ORIGINAL COMPLAINT – Page 9**

53.     By reason of the foregoing, WRAP It 360 has unjustly enriched itself, and continues to do so, in an unknown amount.

54.     360 Wraps is entitled to just compensation under the common law of the State of Texas.

**COUNT IX**
**ATTORNEYS' FEES**

55.     360 Wraps re-alleges paragraphs 1 through 54, as if fully alleged herein.

56.     360 Wraps is also entitled to an award of attorneys' fees and costs under 15 U.S.C. § 1117(a).

**PRAYER FOR RELIEF**

WHEREFORE, 360 Wraps prays that:

1.     WRAP It 360, and all others holding by, through or under WRAP It 360, be required, jointly and severally, to:

    (a)     account for and pay over to 360 Wraps all profits derived by WRAP It 360, together with prejudgment interest, from their acts complained of herein in accordance with 15 U.S.C. § 1117(a) and the laws of the State of Texas and 360 Wraps asks that this profits award be trebled in accordance with 15 U.S.C. § 1117(a);

    (b)     pay to 360 Wraps the amount of actual damages suffered by 360 Wraps together with prejudgment interest, as a result of WRAP It 360's acts complained of herein in accordance with 15 U.S.C. § 1117(a) and 360 Wraps asks that this damages award be trebled in accordance with 15 U.S.C. § 1117(a);

    (c)     pay to 360 Wraps the costs of this action, together with reasonable attorneys' fees, in accordance with 15 U.S.C. § 1117(a);

    (d)     change the " WRAP It 360" trade name or mark to a name or mark that does not incorporate "360 Wrap(s)" or that simulates or is otherwise likely to cause confusion with the 360 Wraps Name and Marks;

      (e)     file with this Court and serve on 360 Wraps a report in writing under oath setting forth in detail the manner and form in which they have complied with the terms of any injunction entered by this Court, in accordance with 15 U.S.C. § 1116(a).

2.     WRAP It 360, and its officers, agents, servants, employees, attorneys, and all others in active concert and participation with any of them, individually and collectively, be permanently enjoined from:

      (a)     using the name and mark 360 Wraps, WRAP It 360, or any name or mark that incorporates "360 Wrap(s)" or that simulates or is otherwise likely to cause confusion with the 360 Wraps Name and Marks;

      (b)     using any other mark or trade dress owned by 360 Wraps or any other colorable imitation of such mark, or any other mark in a manner that is likely to confuse, mislead or deceive others into believing that WRAP It 360 or its products emanate from, or are connected with, sponsored by or approved by 360 Wraps;

      (c)     doing any other act or thing likely to confuse, mislead or deceive others into believing that WRAP It 360 or the goods and services sold, distributed, or emanating from properties under WRAP It 360's control are connected with, sponsored by or approved by 360 Wraps; and

      (d)     assisting, aiding, or abetting any other person or entity in engaging in any of the activities prohibited in paragraphs (a) through (c).

3.     That the Court enter a judgment against WRAP It 360 as indicated below:

      (a)     that WRAP It 360 has willfully infringed 360 Wraps' rights in the 360 Wraps Name and Marks, in violation of 15 U.S.C. § 1114;

      (b)     that WRAP It 360 has committed and is committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation against 360 Wraps, in violation of 15 U.S.C. § 1125(a);

      (c)     that WRAP It 360 has violated Texas common law, including engaging in unfair competition; and (d) that WRAP It 360 has otherwise injured the business reputation and business of 360 Wraps by the acts and conduct set forth in this Complaint.

4.     360 Wraps be granted such other and further relief as the Court deems just.

---

**PLAINTIFF'S ORIGINAL COMPLAINT – Page 11**

Respectfully submitted,

/s/ Anthony J. Barbieri_____
ANTHONY J. BARBIERI
Texas State Bar No. 24025235
ajb@kesslercollins.com
PHILIP G. McNICHOLAS
Texas State Bar No. 24078987
pgm@kesslercollins.com

KESSLER COLLINS, P.C.
2100 Ross Avenue, Suite 750
Dallas, Texas 75201
(214) 379-0722 Office
(214) 373-4714 Facsimile

**ATTORNEYS FOR PLAINTIFF
360 WRAPS, INC.**